DAVIS, Judge.
Dwayne Mayo, the Former Husband, challenges the trial court’s Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/ Time-Sharing Schedule. Because the record reflects that the trial court did not address the best interests of the child with respect to modifying the time-sharing schedule, we reverse.
The parties’ divorce was final prior to their son reaching the age of school attendance. In the original visitation order, a substantial portion of the Former Husband’s time with his son was comprised of weekdays. Once the son started school, the weekday schedule could no longer work and the parties agreed to a different plan without seeking formal modification of their time-sharing arrangement. This schedule operated successfully for a number of years before the Former Wife sought additional child support and the Former Husband requested modification of the custody agreement to formalize a changed time-sharing arrangement and to be named primary residential parent.
In its order, the trial court made the following finding:
The child was [three] years old at the time of the Final Judgment; he is now [twelve] at the end of the month. Since the Final Judgment, the parties have followed a substantially different and expanded time-share schedule. The substantial time-share agreement in itself is a substantial change of circumstances.
*821 The Court finds that this substantial change of circumstances applies to the visitation schedule, but not as to a change in the majority time-sharing schedule. As a result, this Court is unable to get to the best interest of the minor child analysis as it pertains to changing majority time-sharing.
It appears that the trial court has confused the terms “visitation” and “time-sharing,” using “visitation” to mean what section 61.13(2)(c), Florida Statutes (2010), refers to as time-sharing[1] and using the term “majority time-sharing” when referring to the determination of which party will be the child’s primary residential parent.
Regardless of the terminology used, the statute requires that once the trial court makes a finding that there is a substantial change in circumstances with regard to the time-sharing schedule, the trial court must consider the best interests of the child in setting that schedule. See § 61.13(3).
Accordingly, it was error here for the trial court not to consider the best interests of the child in setting the time-sharing schedule, despite whether the Former Husband also met his burden of showing a substantial change in circumstances regarding his request to be named the primary residential parent.[2]
We therefore reverse the modification order and remand for the entry of an order setting a time-sharing schedule in keeping with the relief sought by the parties after consideration of the child’s best interests as outlined in section 61.13(3)(a)-(t).[3]
Reversed and remanded.
KELLY and BLACK, JJ., Concur.

. A 2008 amendment to the statute removed the word 'Visitation” from chapter 61 and replaced it in some instances with the term "parenting plan” and in other places, such as section 61.13(2)(c), with the term "time-sharing.” See ch. 2008-61, § 8, at 797-98, Laws of Fla.

. Whether considering the best interests of the child as related to a change in the time-sharing schedule will also implicate the trial court’s determination that no substantial change in circumstances exists as to the primary residential parent determination is a discretionary matter that must be addressed in the trial court once the best interests considerations are factored into the time-sharing schedule.

.Because our reversal may necessitate a reconsideration of the facts and arguments presented as they relate to the parties’ other arguments on appeal, we decline at this time to further address the Former Wife’s concession that the trial court's order exceeded the scope of the relief requested by the parties or the Former Husband’s additional argument that there exists a substantial change in circumstances upon which to change the primary residential parent.